# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| CORNICE & ROSE INTERNATIONAL, LLC, | |
| Plaintiff, | No. 20-CV-2016-KEM |
| vs. | |
| JON RICHARD HERBRECHTSMEYER, GENE A. HALL, KURT HERBRECHTSMEYER, MARK MILLER, DIANE WOLFE, MICHAEL DOE, FIRST SECURITY BANK & TRUST CO., | **TRIAL MANAGEMENT ORDER FOR CIVIL JURY TRIAL** |
| Defendants. | |

---

### TABLE OF CONTENTS

I.     INTRODUCTION ................................................................ 1

II.    TRIAL DATE ..................................................................... 1

III.   CONTINUANCE OF TRIAL ............................................... 1

IV.   FINAL PRETRIAL CONFERENCE .................................... 1

V.    FINAL PRETRIAL ORDER ................................................ 2

VI.   WITNESSES ...................................................................... 2
    A.    Witness Lists ............................................................. 2
    B.    Protocol for Preparing and Calling Witnesses. .......... 2
    C.    Proper Witness Attire ............................................... 3
    D.    Exclusion of Witnesses ............................................. 3
    E.    Restrictions on Communications with Witnesses ....... 3
    F.    Parties ...................................................................... 4
    G.    Duties of Counsel ..................................................... 4

VII.  TESTIMONY BY DEPOSITION ........................................ 4

VIII. EXHIBITS ......................................................................... 5
    A.    Exhibit Lists ............................................................. 5
    B.    Marking of Exhibits ................................................. 6
    C.    Elimination of Duplicates ......................................... 6

i

|   | D. | Listing of Exhibits and Objections ............................................... 6 |
|   | E. | Exhibits Referenced in Deposition Testimony................................ 7 |
|   | F. | Copies for the Court .................................................................. 7 |
|   | G. | Electronic Filing of Exhibits ...................................................... 7 |
|   | H. | Demonstrative Aids .................................................................... 7 |

| IX. | TRIAL BRIEFS .................................................................. 8 |
| X. | MOTIONS IN LIMINE.......................................................... 8 |
| XI. | JURY INSTRUCTIONS ........................................................ 8 |

|   | A. | Statement of the Case ................................................................ 9 |
|   | B. | Jury Instructions....................................................................... 9 |
|   | C. | Reading of Jury Instructions ..................................................... 10 |
|   | D. | Requested Voir Dire Questions................................................. 11 |

| XII. | JURY SELECTION ............................................................. 11 |
| XIII. | OPENING STATEMENTS; CLOSING ARGUMENTS.......................... 13 |
| XIV. | CONDUCT OF TRIAL ........................................................ 13 |
| XV. | COURTROOM TECHNOLOGY ............................................. 14 |
| XVI. | SETTLEMENT CONFERENCE ............................................. 15 |
| XVII. | SETTLEMENT DEADLINE ................................................. 15 |

*Appendix A* – **Deadlines Chart**
*Apppendix B* – **Proposed Final Pretrial Order**

ii

*I.*     <u>*INTRODUCTION:*</u>  This order sets forth the deadlines and procedures applicable to this case.[1]  All deadlines specified in this order apply to the original trial date, or any subsequent date to which the trial is continued, unless specified otherwise.  A party who elects to represent himself/herself is held to the same deadlines and procedures as an attorney.[2]  A chart setting the deadlines is attached hereto at *Appendix A*.

*II.*     <u>*TRIAL DATE:*</u>  This case has been placed on the calendar of **United States Magistrate Judge Kelly K.E. Mahoney** for a jury trial scheduled to commence in the United States Courthouse in **Cedar Rapids,** Iowa, on **Wednesday, September 08, 2021.** It is anticipated this trial will take place in Courtroom 2.  Trial has been estimated for 6 days.

*III.*     <u>*CONTINUANCE OF TRIAL:*</u>  Unless requested within **14 days** after the date of this order, no continuance of the trial date will be granted except for exceptional cause.

*IV.*     <u>*FINAL PRETRIAL CONFERENCE:*</u>  A final pretrial conference (FPTC) is scheduled before **Magistrate Judge Kelly K.E. Mahoney** on the **Friday, August 27, 2021,** at **10:00 a.m.**  The parties **may appear by phone by contacting the court's chambers**.[3]  At the FPTC, the parties should be prepared to argue all pretrial motions, evidentiary issues, and procedural disputes.

---

[1] This order was revised July 10, 2019.  The parties are on notice that their duties and responsibilities have changed from what the court has required in prior orders.

[2] Accordingly, wherever the court makes reference herein to an attorney or counsel, it also means a party who is representing himself or herself.

[3]  The parties can access this hearing by:  (1) please dial 877-336-1831, (2) Enter access code 3495185#; (3) press # to enter as a participant; (4) enter security code 1831#.  The call will become active upon the "host" (the Court) entering the conference bridge.

1

**V.** **_FINAL PRETRIAL ORDER_**: The parties are jointly responsible for the preparation of the proposed Final Pretrial Order. See LR 16A(b). Before the FPTC, counsel must prepare, agree upon, and sign a proposed Final Pretrial Order prepared for the judge's signature in the format attached to this order at **_Appendix B_**. The parties' **witness lists** must be included within the body of the proposed Final Pretrial Order. The proposed order must **not** be filed, but must be e-mailed, in MS Word format, to the ECF mailbox at ECFmail@iand.uscourts.gov at least **3 days**[4] before the FPTC. The parties' **exhibit lists**, prepared as set forth below in this order, must be attached to the proposed Final Pretrial Order, with the entire order, including the exhibit lists, constituting a single document.

**VI.** **_WITNESSES_:**

    **A.** **_Witness Lists_.** Each party shall list the names, addresses, and the purpose of the testimony of all witnesses whom the party will call at trial. Parties shall exchange witness lists at least **21 days** before the FPTC. Parties should list in good faith every witness whom they will call to establish their cases-in-chief, and indicate whether the witness will testify in person or by deposition. By listing a witness, counsel guarantees that witness's presence at the trial. Any witness not listed will not be allowed to testify at trial, unless the court modifies this order prior to trial to prevent manifest injustice. Parties are not, however, required to list rebuttal witnesses.

    **B.** **_Protocol for Preparing and Calling Witnesses_.** Counsel who may call a witness to testify at trial, must, before the witness testifies, advise the witness of the accepted protocol for witnesses testifying in this court. This advice should include the following information: (1) the location of the witness box; (2) the proper route from the courtroom door to the witness box; (3) the fact that the witness will be placed under oath;

---

[4] Unless otherwise specified, any reference to "days" in this order refers to calendar days and not court days.

(4) where the witness should stand while the oath is being administered; (5) that the witness should adjust the witness chair and the microphone so the microphone is close to and directly in front of the witness's mouth; (6) that the witness should speak only in response to a question; (7) that the witness should wait for a ruling on any objections before proceeding to answer a question; (8) that the witness should answer all questions verbally; and (9) that substances such as food, beverages, and chewing gum should not be brought into the courtroom.

    **C.**    *Proper Witness Attire*. Counsel must advise witnesses of proper dress for the courtroom. Proper dress does not include blue jeans, shorts, overalls, T-shirts, shirts with printed words or phrases on the front or back, tank tops or the like. No party or person testifying at trial may appear in court in the presence of the jury wearing a law enforcement uniform or other insignia of office (e.g., lapel pins, belt-badges, tie pins, etc.). Any such person must, at all times while in the presence of the jury, wear appropriate civilian clothing that does not identify the person as a representative of a law enforcement agency. The testimony of any party or witness who appears in court in the presence of the jury, in attire prohibited by this section, may be barred.

    **D.**    *Exclusion of Witnesses*. A witness who may testify at the trial must not be permitted to hear the testimony of any other witnesses before testifying, and is excluded from the courtroom during the trial until after the witness has completed his or her testimony, unless exclusion of the witness is not authorized by Federal Rule of Evidence 615 or unless the court orders otherwise. A witness who is excluded from the courtroom pursuant to this paragraph is also prohibited from reviewing a record of the testimony of other witnesses at the trial until after the witness has completed his or her testimony, unless the court orders otherwise.

    **E.**    *Restrictions on Communications with Witnesses*. Unless the court orders otherwise, after the commencement of the trial, and until the conclusion of the trial, a witness who may testify at the trial is prohibited from communicating with anyone about what has occurred in the courtroom during the trial. If the witness does testify at the

3

trial, after the witness is tendered for cross-examination and until the conclusion of the witness's testimony, the witness is prohibited from communicating with anyone about the subject matter of the witness's testimony. A witness may, however, communicate with his or her counsel about matters of privilege, and may communicate with anyone if the right to do so is guaranteed by the United States Constitution.

F. *Parties*. The restrictions on witnesses in paragraphs (D) and (E) of this section do not apply to the parties or a party representative.

G. *Duties of Counsel*. A party who may call a witness to testify at the trial must, before the trial, advise the witness of the restrictions in this section, and the court's ruling on any motions in limine.

VII. *TESTIMONY BY DEPOSITION*: Any party intending to present testimony by deposition shall, at least **28 days** before trial, serve on the opposing parties a written designation, by page and line number, of those portions of the deposition the offering party intends to offer into evidence. At least **21 days** before trial, an opposing party who objects to the intended testimony must serve on the offering party any objections to the designated testimony and a counter-designation, by page and line number, of any additional portions of the deposition which the opposing party intends to offer into evidence. At least **14 days** before trial, the party offering the deposition testimony must serve upon the opposing parties any objections to the counter-designated testimony and a written designation, by page and line number, of any additional portions of the deposition the offering party intends to have read into evidence. At least **7 days** before trial, the parties must consult, either personally or by telephone, and attempt to resolve any objections to the proposed deposition testimony. At least **5 days** before trial, the party intending to offer the deposition testimony must provide the judge with the following: (a) a full copy of the deposition transcript or video recording; (b) a redacted exhibit containing only the lines of the deposition transcript or parts of the video recording to be admitted into evidence; (c) a statement listing all unresolved objections to the deposition

4

testimony; and (d) the parties' combined list of all of the portions of the deposition to be admitted into evidence (listing transcript sections by page and line number and video recordings by counter number). The court will review any objections, make any necessary rulings, and make whatever record may be necessary to establish which portions of the deposition testimony are being received into evidence. Parties will be responsible for editing any video recording to comply with the court's ruling.

Prior to the close of evidence, the party offering the deposition testimony must furnish the original deposition transcript to the court. The offering party must clearly highlight the portions of the transcript which were read into evidence. If a video recording is used at trial, it also must be furnished to the court. The transcript and/or video recording will be marked as a court exhibit and preserved as part of the official record.

## VIII.  *EXHIBITS*

A.    *Exhibit Lists*.  The exhibit lists shall appear in the following format:

| (Plaintiff's)(Defendant's) Exhibits | Category A, B, C | Objections [Cite Fed. R. Evid.] | Offered | Admit/Not Admit (A) - (NA) |
|---|---|---|---|---|
| [1.][A.]  [describe exhibit] | | | * | * |
| [2.][B.]  [describe exhibit] | | | | |
| [3.][C.]  [describe exhibit] | | | | |

[*These columns are for court use only.]

Parties are to use the following categories in the second column for objections to exhibits:

**Category A**. These are exhibits to which neither party objects. They will be deemed admitted in evidence at the commencement of the trial, and will be available for use by any party at any stage of the proceedings without further offer, proof, or objection.

5

**Category B**. These are exhibits to which a party objects on grounds **other than** foundation, identification, or authenticity. Parties are to use this category for objections such as hearsay or relevance. Parties are to identify in the third column the Federal Rule(s) of Evidence upon which the party relies in objecting to these exhibits.

**Category C**. These are exhibits to which a party objects on grounds of foundation, identification, or authenticity. Parties are not to use this category for other objections, such as hearsay. Parties are to identify in the third column the Federal Rule(s) of Evidence upon which the party relies in objecting to these exhibits.

Parties are not required to list rebuttal exhibits or impeachment exhibits. Proposed exhibit lists must be exchanged by the parties (but not filed) at least **21 days** before the FPTC. At the time the parties exchange their exhibit lists, they must give written notice to all adverse parties of any intent to use a declaration under Federal Rules of Evidence 803(6), 902(11), or 902(12) to establish foundation for records of regularly-conducted activities, and, immediately thereafter, they must make the records and the declaration available for inspection. The parties have a continuing duty to keep the lists current and correct with opposing parties and the court.

      **B.** *Marking of Exhibits*. All exhibits must be marked by the parties before trial, in accordance with Local Rule 83E(a). Unless the parties have previously agreed upon a different numbering system during the course of pretrial litigation, the plaintiff(s) must use numbers and the defendant(s) must use letters. See LR 83E(a)(1). Exhibits must also be marked with the case number. See LR 83E(a)(2). *All exhibits longer than one page must contain page numbers at the bottom of each page*. See LR 83E(a)(3). Personal Data Identifiers must be redacted from all exhibits. See LR 10(g).

      **C.** *Elimination of Duplicates*. The parties must compare their exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the plaintiff's exhibit list.

      **D.** *Listing of Exhibits and Objections*. The parties must list each exhibit separately in the exhibit lists, unless leave of court is granted for a group exhibit. If a

6

party objects to parts of an exhibit, but not to other parts, the offering party must prepare separate versions of the exhibit, one that includes the parts to which objections are being asserted and the other that redacts those parts.

E. ***Exhibits Referenced in Deposition Testimony***. All references to exhibits in deposition testimony that is offered into evidence must correspond to the exhibit designation for trial. The parties are directed to number or letter their exhibits accordingly.

F. ***Copies for the Court***. At least **3 days** before the FPTC, each party must provide the judge with a hard copy of all exhibits to be used at trial. The judge's copies of exhibits should be placed in three-ringed binders, with a copy of the exhibit list at the front and with each exhibit tabbed and labeled. See LR 83E(c). At least 3 days before the FPTC, the parties must also provide the Clerk of Court with electronic copies of all exhibits. These can be submitted to the Clerk of Court on a disk or flash drive, or emailed to e-exhibits@iand.uscourts.gov. These electronic versions should be exact to the original trial exhibits (exhibit stickers, etc.) as they will be used by the jurors in the Jury Evidence Recording System (JERS) during deliberations and later by the Clerk of Court for filing in CM-ECF. Instructions on JERS can be found on the court's website under Courtroom Technology.

The parties may also supply the judge with a courtesy copy of the exhibits in PDF format on a thumb drive, DVD, or CD. The Court's copies of exhibits shall be separate from the original trial exhibits for the official records of the Clerk of Court. See LR 83E(d).

G. ***Electronic Filing of Exhibits***. All documentary trial exhibits are to be electronically filed via ECF by the party offering the exhibit in accordance with Local Rule 83E(d).

H. ***Demonstrative Aids***. At least **3 days** before trial, counsel using a demonstrative aid must show it to all other counsel and the judge. The term "demonstrative aid" includes charts, diagrams, models, samples and animations, but does

7

not include, exhibits admitted into evidence, or outlines of opening statements or closing arguments. Any disputes or objections concerning demonstrative aids shall be brought to the court's attention and resolved before the demonstrative aid is displayed to the jury.

**IX.** ___**TRIAL BRIEFS**___: If the trial of the case will involve significant issues not adequately addressed by the parties in connection with dispositive motions or other pretrial motions, the parties must prepare trial briefs addressing such issues. Trial briefs must be filed at least **3 days** before the FPTC. See also LR 16A(d).

**X.** ___**MOTIONS IN LIMINE**___: The parties are required to notify the court by motion in limine or by motion under Federal Rule of Evidence 104(a) of any novel, unusual, or complex legal, factual, or procedural issues reasonably anticipated to arise at trial. Only one motion, encompassing all such issues, should be filed by a party. All such motions must be served and filed at least **21 days** before the FPTC. Resistances to such motions must be served and filed within **7 days** after service of the motion. Motions in limine are intended to address the admissibility of evidence pursuant to the Federal Rules of Evidence. Motions in limine must specifically reference the rules the parties believe relate to the admissibility of the evidence. Motions in limine must also be sufficiently detailed such that the court may rule on the motion in advance of trial. Parties must include copies of transcripts, exhibits, or other documents that pertain to the evidence in dispute. Parties should not use motions in limine simply to alert the court to areas of testimony parties believe may generally be objectionable; rather, those matters should be brought to the court's attention in a trial brief.

**XI.** ___**JURY INSTRUCTIONS**___: At least **3 days** before the FPTC, the parties must electronically file the following: (1) joint proposed statement of the case; (2) joint proposed jury instructions; (3) proposed verdict forms; (4) any requested voir dire

8

questions; (5) and any requested special interrogatories. These documents must be prepared and submitted in accordance with the following instructions:

   **A.**    ***Statement of the Case***:  The judge will read the jury statement to the jury panel before voir dire, to provide a brief overview of the case, so the members of the panel will be able to give meaningful responses to voir dire questions.  It has no other purpose.  In general, the jury statement need not be as detailed as the statement of the case that is included with the actual jury instructions.  The parties should make every effort to agree upon the language used in the statement.  Any disputes about the proposed language should be noted in the document.

   **B.**    ***Jury Instructions***:  Jury instructions must be prepared in accordance with Local Rule 51 and submitted in accordance with the following instructions:

       **1.**  At least **21 days** before the FPTC, the parties must serve on each other (but not file) proposed jury instructions.

       **2.**  At least **14 days** before the FPTC, counsel for the parties must consult, either personally or by telephone, and attempt to work out any differences in their proposed jury instructions.

       **3.**  Counsel for the plaintiff(s) then must organize the proposed jury instructions into one document, prefaced by a table of contents.  Instructions proposed by opposing parties on the same subject matter must be grouped together.  For example, if Instruction No. 10 is a proposed instruction on the elements of negligence, and each party proposes a different instruction, then Instruction No. 10A should be the instruction proffered by the plaintiff(s) and Instruction No. 10B should be the instruction proffered by the defendant(s).

       **4.**  Each instruction must address a single subject, and must be numbered individually, on a separate sheet of paper, and double-spaced.

       **5.**  At the bottom of each proposed jury instruction, the party proposing the instruction must cite the decisions, statutes, regulations, or other authorities supporting the proposed instruction.  Except as to jury instructions as to which the parties agree, the following information also must be stated at the bottom of each proposed jury instruction: (a) the party offering the instruction; and (b) each objection to the instruction by an opposing party, and whether the objection is to (1) the language of the instruction, (2) the giving of the instruction, or (3) both.  If a party is

9

objecting to the language of a proposed instruction, the objectionable language must be identified.  Objections must be supported by citations to applicable authorities.

      *6.*    Pattern instructions should not be reproduced, but may be requested by reference to the publication, page number, and instruction number.  Any modification to a pattern instruction should be disclosed as follows: additions should be underscored and deletions should be set forth by striking out the language sought to be deleted or setting out the deletions in parentheses.

      *7.*    Instructions not requested as set forth above will be deemed waived, unless the subject of the instruction is one arising in the course of trial that reasonably could not have been anticipated before trial from the pleadings, discovery, or nature of the case.

      *8.*    Immediately upon the filing of the joint proposed jury instructions, counsel for the plaintiff(s) must provide those instructions to the judge in MS Word format, either by email to the judge's judicial assistant or by delivering them to chambers on a CD, DVD, or thumb drive.

      *9.*    Prior to trial, the parties will receive proposed jury instructions from the court, typically via email, along with deadlines for filing objections to the proposed instructions.  The failure to serve and file timely objections to proposed jury instructions will constitute a waiver of the right to make objections to those instructions.

**C.**    ***Reading of Jury Instructions***:  The court does not require the court reporter to report the reading of the jury instructions, and considers the instructions read as published in the final written version.  The parties should make a record as to any misreads of the instructions at the conclusion of the reading of the instructions.

      It is the practice of the court to read all but the last two of the final instructions to the jury prior to closing arguments.  See FED. R. CIV. P. 51(b)(3).  The last two instructions, which concern the jury's duties during deliberations, will be read upon the conclusion of closing arguments, just prior to the jury retiring to consider its verdict(s).

      If any party has an objection to any part of the procedure described in this Part, that objection must be raised at or before the FPTC.

**D.** *__Requested Voir Dire Questions__*:   As discussed below, the judge will conduct an initial, preliminary voir dire and will then allow the parties to conduct additional voir dire.  For that reason, it will not be necessary in most cases for the parties to submit questions for the judge to ask.  However, if either party believes that certain questions are best posed by the court, rather than by a particular party, those requested questions should be filed **3 days** prior to the FPTC.

**XII.** *__JURY SELECTION__*:  The following procedures will be used in jury selection. See also LR 48.

*A.*  On the first day of trial, approximately 32 randomly-selected potential jurors will be notified to appear at the courthouse at a time to be determined.  About a week before trial, the parties may obtain from the Clerk of Court a list of the potential jurors, together with copies of their responses to juror questionnaires.  The parties also will receive a list of the first 14 potential jurors in the order in which they were randomly drawn.  The court will be provided with a separate list of all of the potential jurors in the order in which they were randomly drawn.

*B.*  The first 14 preselected potential jurors who appear for jury selection will be seated in order in the jury box, and will be the potential jurors first considered for empanelment on the jury.

*C.*  The potential jurors will be escorted into the courtroom.

*D.*  The judge will greet the jury, counsel, and the parties; announce the name of the case to be tried; and ask the parties if they are ready to proceed.

*E.*  The judge will swear in all potential jurors.

*F.*  The judge will make some introductory remarks to the potential jurors about the jury selection process.

*G.*  The judge will ask all potential jurors if they are aware of any circumstance that might prevent their service on the jury, and may excuse anyone for whom the judge believes jury service would be an undue burden.  The parties may not participate in this process.  If the judge excuses a potential juror, the next randomly-selected potential juror shall be called to replace the excused person in the jury box.

11

***H.*** The judge will make some brief opening remarks, and will read the jury statement.

***I.*** The judge will introduce the courtroom staff. Then, the judge will ask the attorneys to identify themselves, the members of their firm, their clients, the witnesses they expect to call at trial, and any other individuals whose names may be discussed during the trial. Pro se parties will be asked to do the same.

***J.*** The judge will engage the potential jurors in the jury box in an extensive voir dire.

***K.*** After the judge has completed his or her questions, each side, beginning with the plaintiff, will be permitted to conduct up to 30 minutes of jury voir dire. A request for additional time for party voir dire because of the complexity or unusual nature of a case, or in multi-party cases, should be made at the FPTC. The parties are not permitted to argue their case or engage in questioning unrelated to the potential jurors' ability to serve.

***L.*** The parties will be permitted to challenge any potential juror for cause. These challenges may be made at sidebar. Any potential juror excused for cause will be replaced by the next potential juror on the jury list, who then will undergo the same questioning as the other potential jurors. There will be 14 potential jurors remaining in the jury box at the conclusion of voir dire.

***M.*** The Deputy Clerk will give the plaintiff(s) a list of the names of the 14 remaining potential jurors. The plaintiff(s) shall strike one of the names by noting in the margin "π1." The Deputy Clerk then will take the list and hand it to the defendant(s), who shall strike one of the names by noting in the margin "Δ1." This procedure will be repeated until the plaintiff(s) and defendant(s) each have exercised 3 peremptory challenges, and 8 jurors remain on the list. After the defendant(s) has exercised the last strike, the Deputy Clerk will provide the plaintiff(s) with the list for review. The Deputy Clerk will take the list to the judge. The judge will then announce the 8 selected jurors and the rest of the potential jurors will be excused.

12

*N.* The judge will swear in the jury.

*O.* **THERE ARE NO ALTERNATE JURORS. ANY VERDICT MUST BE UNANIMOUS**. During trial, if any of the 8 jurors has to be excused from jury service for any reason, the case can be decided by as few as 6 jurors. See LR 48(a).

*P.* Upon stipulation of the parties, the verdict can be less than unanimous or decided by fewer than 6 jurors, or both. See LR 48(c).

*Q.* Any objection to the procedures for selecting jurors must be served and filed **at least 21 days** before the commencement of trial.

**XIII. *OPENING STATEMENTS; CLOSING ARGUMENTS***: Opening statements will be limited to **15 minutes**. Closing arguments will be limited to **60 minutes**. See LR 83D. A request for additional time for opening statements or closing arguments must be made no later than the FPTC. If, however, issues arise during trial which could not have reasonably been foreseen, and which warrant additional time, the court may extend the time limits for closing arguments at the court's discretion.

**XIV. *CONDUCT OF TRIAL***: It is anticipated that the first day of trial will last from **9:00 a.m. to 5:00 p.m.** Thereafter, trial days may start or end at different times, depending on the other demands on the court's schedule. The court will notify the parties of the trial schedule no later than the FPTC. The parties are expected to have witnesses available so the court can take testimony throughout the full trial day with no undue delays in the receipt of evidence.

A Pretrial Conference will be held in the courtroom starting promptly at **8:30 a.m. on the day scheduled for the commencement of trial**. The court expects all counsel and parties to be present for the pretrial conference at the scheduled time. After the first day of trial, the parties and their counsel are expected to be at the courthouse and available in the courtroom by no later than 8:15 a.m. on each morning of trial. The time between 8:15 a.m. and the start of testimony is to be used to review exhibits the parties anticipate

13

introducing into evidence during that trial day, to set up any audiovisual equipment, and to take up any evidentiary or other issues which need to be addressed before the presentation of evidence resumes. In the event any party believes there may be particularly difficult issues requiring more than five or ten minutes to resolve, that party must advise the court and opposing counsel so an earlier time can be set to meet with counsel and the parties.

**XV.** **_COURTROOM TECHNOLOGY_**: Before the commencement of trial, counsel and witnesses who intend to utilize the technology available in the courtroom must familiarize themselves with the proper manner of operating the equipment. Instruction and training on the proper use of the equipment may be obtained from the court's automation staff, whose contact information is contained on the court's website at the following web address: www.iand.uscourts.gov.

If a party wishes to use video conferencing technology for the testimony of any witness, the party **must** contact the court's automation staff and complete a "Video Conference End-Point Certification" form **at least 10 days in advance of the start of the trial**. The court will require at least one test connection prior to the start of trial. **Failure to comply with the court's requirements for video conferencing will result in the court denying the opportunity to have a witness testify via video conferencing**.

If a party wishes to connect a laptop computer or other portable electronic device to the courtroom equipment, the party must have the laptop computer or device tested by the court's automation staff **at least 7 days in advance of the start of the trial**. **Failure to have the laptop computer or device tested will result in the court denying the connection of the laptop computer or device to the courtroom equipment**.

If a party wishes to present evidence in the form of a VHS tape, a DVD, an audio cassette, an audio CD, or any other form of media requiring use of the courtroom equipment, the party **must** have such items of evidence tested by the court's automation

14

staff **at least 7 days in advance of the start of the trial** to ensure compatibility with the courtroom equipment.

**XVI.** ___SETTLEMENT CONFERENCE___:  The court's primary ADR procedure is private mediation.  See LR 72B(a).  The court disfavors judicial involvement in the settlement process.  Thus, the parties are encouraged to arrange for private mediation if they believe it would be beneficial to involve a neutral party in their settlement negotiations.  If, for some reason, private mediation is not a viable option, any party may contact the chambers of the United States Magistrate Judge assigned to this case to request a settlement conference.  Such contact may be ex parte for the sole purpose of inquiring about a settlement conference.  Absent extraordinary circumstances, a settlement conference will not be scheduled unless all parties express a willingness to participate.  Even if all parties agree, the court retains discretion to decline to conduct a settlement conference.  If conducted, a settlement conference will be subject to Local Rule 72B, along with any additional requirements and limitations that may be imposed by the judicial officer who agrees to conduct the conference.

**XVII.** ___SETTLEMENT DEADLINE___:  The court hereby imposes a settlement deadline of **5:00 p.m., 7 days before the first scheduled day of trial**.  If the case is settled after that date, the court may enter an order to show cause why costs and sanctions should not be imposed on the party or parties causing the delay in settlement.  See LR 83B.

   **IT IS SO ORDERED** this 8th day of July, 2020.

_Kelly K.E. Mahoney_

_____

Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

### APPENDIX A
### *Deadlines Chart*

| Event | Deadline | Section | Page |
|---|---|---|---|
| Draft Final Pretrial Order to Judge | 3 days before FPTC | V | 2 |
| Trial Briefs | 3 days before FPTC | IX | 8 |
| | | | |
| Parties exchange witness lists | 21 days before FPTC | VI(A) | 2 |
| Parties exchange exhibit lists | 21 days before FPTC | VIII(A) | 5, 6 |
| Exhibits to judge and exhibits to Clerk | 3 days before FPTC | VIII(F) | 7 |
| Parties disclose demonstratives | 3 days before trial | VIII(H) | 7 |
| | | | |
| Offering party identifies depos to be used in trial | 28 days before trial | VII | 4 |
| Opposing party serves objections, identifies other portions of depos to be used in trial | 21 days before trial | VII | 4 |
| Offering party serves objections to other portions of depos | 14 days before trial | VII | 4 |
| Parties confer to resolve objections to depos | 7 days before trial | VII | 4 |
| Judge provided with copies of depos & objections | 5 days before trial | VII | 4 |
| | | | |
| Motions in limine filed | 21 days before FPTC | X | 8 |
| Resistances to motions in limine filed | 7 days after service of motion | X | 8 |
| Requests for additional time for opening/closing | No later than FPTC | XIII | 13 |
| | | | |
| Parties serve proposed jury instructions on each other | 21 days before FPTC | XI(B)(1) | 9 |
| Parties confer to resolve differences re: jury instructions | 14 days before FPTC | XI(B)(2) | 9 |
| Parties file joint proposed jury instructions | 3 days before FPTC | XI | 8 |
| Parties file joint proposed statement of the case | 3 days before FPTC | XI | 8 |
| Parties file proposed verdict forms | 3 days before FPTC | XI | 8 |
| Parties file requested special interrogatories | 3 days before FPTC | XI | 8, 9 |
| Parties file requested special voir dire questions | 3 days before FPTC | XI | 8, 9, 11 |
| Parties file objections to jury selection procedures | 21 days before trial | XII(Q) | 11, 13 |
| | | | |
| Notify court automation staff of intent to use video conferencing technology | 10 days before trial | XV | 14 |
| Notify court automation staff to connect laptop | 7 days before trial | XV | 14 |
| Notify court automation staff to present electronic evidence | 7 days before trial | XV | 15 |

16

*APPENDIX B*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
_____[1] DIVISION

| | | |
|---|---|---|
| [plaintiff], | | |
| Plaintiff, | ‖ | No. C_____- |
| vs. | ‖ | FINAL PRETRIAL ORDER (PROPOSED) |
| [defendant], | ‖ | |
| Defendant. | ‖ | |

_____

This final pretrial order was entered after a final pretrial conference held on date. The court expects the parties to comply fully with this order.[2]

The following counsel, who will try the case, appeared at the conference:

1. For plaintiff(s):
   Name(s)
   Street Number, Street Name and/or Box Number
   City, State and Zip Code
   Phone Number [include area code]
   Facsimile Number [include area code]
   E-mail address

---

[1] [NOTE: Instructions for preparing this form appear in brackets and should not be reproduced in the proposed Final Pretrial Order. All material not appearing in brackets should be reproduced in the proposed Final Pretrial Order.]

[2] Full compliance with the order will assist the parties in preparation for trial, shorten the length of trial, and improve the quality of the trial. Full compliance with this order also will help "secure the just, speedy, and inexpensive determination" of the case. FED. R. CIV. P. 1.

1

2.       For defendant(s):
            Name(s)
            Street Number, Street Name and/or Box Number
            City, State and Zip Code
            Phone Number [include area code]
            Facsimile Number [include area code]
            E-mail address

**I.**    ***STIPULATION OF FACTS***:  The parties agree that the following facts are true and undisputed:[The parties are to recite all material facts as to which there is no dispute. Special consideration should be given to such things, for example, as life and work expectancy, medical and hospital bills, funeral expenses, cause of death, lost wages, back pay, the economic value of fringe benefits, and property damage.  The parties should stipulate to an undisputed fact even if the legal relevance of the stipulated fact is questioned by one or more party, but in such instances the stipulated fact should be followed by an identification of the objecting party and the objection (e.g. "Plaintiff objects to relevance.")]

       ***A.***
       ***B.***

**II.**    ***EXHIBIT LIST***: The parties' exhibit lists are attached to this Order.[The parties are to attach to this order (not include in the body of the order) exhibit lists that list all exhibits (except for impeachment and rebuttal exhibits) each party intends to offer into evidence at trial.  Exhibit lists are to be prepared in the attached format, indicating objections using the categories described in the form.

     All exhibits are to be made available to opposing counsel for inspection at least 21 days before the date of the FPTC.  Failure to provide an exhibit for inspection constitutes a valid ground for objection to the exhibit, and should be noted on the exhibit list.

     Copies of all exhibits as to which there may be objections must be provided to the court at least 3 days before the FPTC.  If an exhibit is not provided to the court in advance of the FPTC and an objection is asserted to the exhibit at the FPTC, the exhibit may be excluded from evidence by the court.  Any exhibit not listed on the attached exhibit list is subject to exclusion at trial.  The court may deem any objection not stated on the attached exhibit list as waived.]

***III.*** <u>***WITNESS LIST***</u>:  The parties intend to call the following witnesses at trial:[Each party must prepare a witness list that includes all witnesses (except for rebuttal witnesses) whom the party intends to call to testify at trial.  The parties are to exchange their separate witness lists at least 21 days before the date of the FPTC.  The witness lists are to be included in the following format.  A witness testifying by deposition must be listed in the witness list with a designation that the testimony will be by deposition.]

> ***A.*** ***Plaintiff(s) witnesses*** [list name, substance of testimony, whether any party objects to the witness, and the nature of and grounds for any objection]:
> ***1.***
> ***2.***
>
> ***B.*** ***Defendant(s) witnesses*** [list name, substance of testimony, whether any party objects to the witness, and the nature of and grounds for any objection]:
> ***1.***
> ***2.***

All parties are free to call any witness listed by an opposing party.  A party listing a witness guarantees his or her presence at trial unless it is indicated otherwise on the witness list.  Any objection to the offer of testimony from a witness on the witness list is waived if it is not stated on this list.

***IV.*** <u>***EVIDENTIARY AND OTHER LEGAL ISSUES***</u>:

> ***A.*** ***Plaintiff(s) Issues***:
>
> ***1.***
> ***2.***
>
> ***B.*** ***Defendant(s) Issues***:
>
> ***1.***
> ***2.***

[The parties must list all unusual evidentiary and legal issues which are likely to arise at trial, including such things as disputes concerning the admissibility of evidence or testimony under the Federal Rules of Evidence; the elements of a cause of action; whether

3

recovery is barred as a matter of law by a particular defense; disputes concerning the measure, elements, or recovery of damages; and whether the Statute of Frauds or the Parol Evidence Rule will be raised.  The purpose of this listing of issues is to advise the court in advance of issues and problems that might arise at trial.]